UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES M. LILEY, III, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. 4:22-cv-00288-SNLJ |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

On March 10, 2022, Petitioner Charles Liley ("Liley") filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. This Court then ordered the United States to show cause why the relief requested in Liley's motion should not be granted. Based on the reasons set forth below, this Court will dismiss Liley's claims as waived and procedurally barred or otherwise deny them without an evidentiary hearing because they fail as a matter of law.

**I.    STATEMENT OF RELEVANT FACTS**

  **A. Representation by Monahan**

On September 6, 2017, a Federal Grand Jury returned an indictment charging Liley with one count of Production of Child Pornography (Title 18 U.S.C. Section 2251(a)) and one count of Possession of Child Pornography (Title 18 U.S.C. Section 2252A(a)(5)(B). The Court appointed a Federal Public Defender to represent Liley on September 11, 2017, and he was ordered detained pending trial. District Court Criminal Docket (DCD) at 9, 16. Michelle Monahan ("Monahan") of the Public Defender's Office entered her appearance

on behalf of Liley on September 14, 2017. DCD at 12. Monahan represented Liley throughout the course of the pending criminal case against him.

On behalf of Liley, Monahan conducted an investigation into the offenses charged in the Indictment and also into Liley's personal history. Sentencing Memorandum of Defendant ("Sent. Memo") DCD 85. Monahan obtained documents and records pertaining to Liley's childhood and background from Children's Division offices in Indiana and Michigan, the Bureau of Prisons, as well as information from family members and medical professionals. DCD 85. According to Liley, through Monahan, and also mentioned in the Presentence Report ("PSR"), Liley has a diagnosis of depression, Autism. and Asperger's Syndrome. Sent. Memo DCD 85 at 2; PSR DCD 89 at 14, 15. Liley also represented to Monahan and the PSR writer that he was victim of childhood sexual abuse and likely suffered from Post-Traumatic Stress Disorder. DCD 85 at 2; DCD 89 at 14.

**B. Facts of the Underlying Case**

The facts of the case, as laid out in the PSR and in the plea agreement, are as follows. DCD 89, 69. On November 19, 2016, Detective Jacob Walk of the Franklin County Sheriff's Department conducted an authorized undercover investigation on the Bit Torrent Network[1]. Det. Walk came across an IP address that was offering to share images of child pornography. Det. Walk was able to directly connect to that IP address and download images of child pornography and child erotica. A subpoena was sent to Charter

---

[1] BitTorrent is a free, publicly available, peer-to-peer file sharing program on the internet that allows different computer users to trade videos, images, and music files from one computer to another. A BitTorrent user's computer can simultaneously provide files to other BitTorrent users while downloading files from other users on the network. The BitTorrent network can be accessed via many different BitTorrent network programs, such as uTorrent.

Communications to determine who the subscriber of the IP address was at the time and date of Det. Walk's download.  In March of 2017, Charter Communications responded to the subpoena, and it came back to subscriber: Charles Liley at 1232 Elm Tree Commons Court, Moscow Mills, Lincoln County, Missouri.

A valid state search warrant was executed upon Liley's home on March 22, 2017. Home at the time of search warrant were Liley, his wife, and his wife's five-year old daughter, "N."  Police looked at Liley's cell phone while on scene and discovered three photographs of Liley's stepdaughter, "N."  Also on the phone were about twenty (20) photographs of child pornography from the internet.  In one of the photographs of "N" on the phone, "N" is performing oral sex on a male wearing green plaid shorts.  Green plaid shorts, matching those depicted in the photograph, were found in the home and seized.  The photograph was taken on March 20, 2017.  Another photo on Liley's cell phone depicted the victim with her covered genital as focal point of the photograph.

After Liley was read his *Miranda* rights, he told police he was a registered sex offender and denied possessing child pornography.

The victim's mother was interviewed and stated that her daughter had lived in the home with Liley since August 2016.  Liley watched the child while she worked most days from 2:30 p.m. until 10:30 pm.  The Child Advocacy Center (CAC[2]) conducted a forensic interview of "N" on the day of the search warrant execution, and "N" described that Liley had attempted vaginal intercourse with her. The victim also mentioned during the CAC

---

[2] The Child Advocacy Center ("CAC") is an organization that is funded by the state, as well as local grants. The purpose of the CAC is to provide a safe place for children to be interviewed when there is evidence that they have been either physically or sexually abused.

3

interview that her mom "smacked daddy in his face when she found" that Daddy touches her "peepee."  The victim's mother denied knowing about the sexual abuse when confronted by the police.

    Liley was given a polygraph test on March 23, 2017, at the St. Charles County Police Station. Defendant talked about how he suffers from Asperger's and that he sexually abused his younger female cousin in the past.[3] He also stated he has fantasies about "N." Defendant denied taking the picture of "N." Deception was indicated by the polygraph test. Officers interviewed Liley again after polygraph came back deceptive. Liley admitted to owning the shorts in the photo.  Liley then asked for help and to not go to prison.  Liley claimed that what he did to "N" was the first time ever on March 20, 2017.  He stated he briefly put his penis into "N's" mouth while her eyes were closed.  Later on April 24, 2017, while confined in jail, Liley requested to talk to two Lincoln County Deputies.  After being re-read *Miranda*, Liley again stated it had only happened the one time on March 20, 2017. He stated he felt bad and wanted to pay for "N" to get counseling.

## C. Procedural History

    Liley waived the filing of any pre-trial motions and pled guilty to both crimes listed in the indictment on February 26, 2020. DCD 68, 69.  The plea agreement stipulated that, in exchange for Liley's guilty plea, both parties would seek a downward variance from the guidelines and recommend a sentence between 188-235 months in prison.  DCD 69 at 2.

---

[3] Liley was adjudicated as a juvenile in Michigan for Sexual Assault of a child and remained in state custody from the age of fifteen until he was twenty years old. Liley had to register as a sex offender in Michigan, but not in Missouri. His prior juvenile offense can no longer be used as a prior conviction for sentencing enhancements under federal law. See *United States vs. Gauld*, 865 F.3d 1030 (8th Cir. 2017).

4

The disclosure copy of the PSR was filed on April 29, 2020.  DCD 71.  Monahan, on behalf of Liley, filed objections to the PSR.  DCD 83.  Liley was sentenced on May 5, 2021, to 235 months in prison, followed by lifetime supervised release, and restitution to the victim in the amount of $7,625.00.  DCD 100,101.  Liley did not file a direct appeal as he had waived his right to appeal his conviction and sentence in the plea agreement.  DCD 69 at 11.  Liley filed a motion to vacate under 2255 on March 4, 2022.  DCD 103.

## II.    LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotation omitted). And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Under Section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States.' (2) 'that the court was without jurisdiction to impose such sentence.' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack'." *Martin v. United States*, 150 F. Supp. 3d. 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)); *See also* R. GOVERNING § 2255 PROCEEDINGS 1. The petitioner bears the burden of proof as to each asserted ground for relief.  *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no

5

relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (2008) (internal quotation marks omitted).  In other words, "a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) (quotation omitted).  Moreover, in conducting this inquiry, courts may not give weight to "self-interested characterizations, discredited inventions, or opprobrious epithets." *Simmons v. United States*, No. 1:16-CV-101 SNLJ, 2016 WL 5941929, at *2 (E.D. Mo. Oct. 13, 2016) (citation omitted).

### III.   DISCUSSION

Liley advances five grounds for post-conviction relief in his amended motion. Four grounds involve allegations of ineffective assistance of counsel and one ground involves the length of his supervised release term.  Liley's five grounds for 2255 relief are as follows:

1) Monahan failed to provide Liley with a copy of the PSR before sentencing;
2) Monahan failed to object to the disclosure of Liley's juvenile records at sentencing;
3) the Court's order of lifetime supervised release as part of the sentence was not necessary;
4) Monahan did not have permission to challenge a statement in the PSR 4, ; and
5) Monahan should have requested a psychological evaluation of Liley before Sentencing.

Mot. at 4, 5, 7, 8, 10.

As demonstrated in the discussion that follows, all of Liley's claims fail as a matter of law, are completely unsupported, contain issues that are not appropriate for 2255 relief,

6

and are directly contradicted by the record. The Court will address the claims that Monahan was ineffective first and then the lifetime supervised release issue last.

## A. Ineffective Assistance of Counsel

### 1. Legal Standard

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quotation omitted). Ineffective-assistance claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "This standard requires [a petitioner] to show that his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence and that the deficient performance *prejudiced* his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quotation omitted) (emphasis added). "Failure to satisfy either [the performance or prejudice] prong is fatal to the claim." *Cole v. Roper*, 579 F. Supp. 2d 1246, 1263 (E.D. Mo. 2008) (citation omitted). Indeed, "[i]f the petitioner makes an insufficient showing on one component, the court need not address both components." *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000).

Under the performance prong, courts "apply an objective standard [to] determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Nave*, 62 F.3d at 1035 (quotation omitted). In doing so, a court must be careful to "avoid the distorting effects of hindsight . . . by looking at the circumstances as they must have appeared to counsel at the time." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (citation omitted). The

starting point for this analysis is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citation omitted).  Counsel's strategic decisions "made after a thorough investigation of law and facts . . . are virtually unchallengeable," even if those decisions prove unwise. *Strickland*, 466 U.S. at 690.

Under the prejudice prong, the petitioner must show "a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Nave*, 62 F.3d at 1035 (quotation omitted).  This inquiry depends on the likelihood of success if the alleged error were corrected. *Hill*, 474 U.S. at 59. "[I]f there is no reasonable probability that the motion would have been successful, [the movant] cannot prove prejudice." *DeRoo*, 223 F.3d at 925.

**2. Ground One: Defense counsel did not provide ineffective assistance regarding access to the PSR, and Liley fails to demonstrate prejudice related to this allegation.**

Liley briefly, and without any supporting evidence, claims that Monahan failed to provide him with a copy of the PSR before sentencing.  Mot. at 4.  Liley admits in his amended motion that Monahan conferred with him before sentencing.  Mot. at 4.  Liley further alleges that Monahan asked Liley to proceed to sentencing without seeing his PSR.  This is completely contracted by the record in open court, and Liley provides no support for this allegation.  Most importantly, he fails to establish what, if any prejudice, he suffered if this allegation is even true.  Defendants must demonstrate both constitutionally deficient performance and prejudice. *McMann v. Richardson*, 397 U.S. 759 (1970).

The transcript from the sentencing hearing contracts Liley's allegation:

THE COURT:        Mr. Liley, this matter is set today for sentencing,

8

|   |   |
|---|---|
|   | you having pled guilty before me several months ago. I've received the Presentence Report from the probation office. Did you also get a copy of the report? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Have you read it and have you gone over it in detail with your lawyer? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Other than the specific objections, are there any other objections, additions or corrections by the Defendant? |
| MS. MONAHAN: | No, Your Honor. |

Sentencing Transcript (Sent. Tr.) at 2.

In open court, Liley acknowledged to the Court that he read and reviewed the PSR with Monahan. Thus, Liley's allegation in Ground One fails as it contradicted by the record.

### 3. Ground Two: Defense counsel did not provide ineffective assistance of counsel for failing to object to this Court's discussion of the Movant's juvenile records at sentencing.

In his second ground for relief, Liley argues that defense counsel failed to object to this Courts's disclosure of his juvenile record during the sentencing hearing. Liley falsely asserts in Ground Two that his juvenile record led to an "upward departure." Liley received a sentence that was below his guideline range. DCD 89 at 10; DCD 101. Liley cannot establish how the mention of his juvenile record prejudiced him during sentencing, and therefore, Monahan was not ineffective.

During the sentencing hearing, the Court discussed Liley's juvenile criminal history,

9

which was relevant to the charges at hand. Sent. Tr. at 11. Under Title 18, United States Code, Section 3553(a), the Sentencing Court must consider certain factors when determining a defendant's sentence. One of these factors is "the history and characteristics of the defendant." The defendant's history includes his juvenile record for sexual assault. There was no ground for Monahan to object to the mention of Movant's juvenile record by the Court, as his juvenile history for sexual assault was a relevant factor to consider when sentencing Liley on child pornography charges. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("Counsel's failure to advance a meritless argument cannot constitute ineffective assistance."). Nothing supports Liley's allegation that this Court applied an upward departure based on the juvenile record. Liley's total offense level was 43, but the Court sentenced Liley within offense level 38. There was no upward departure applied by the Court. DCD 89 at 11; Sent Tr. at 4-5, 12. Further, the PSR did not award any criminal history points to the juvenile adjudication, and it did not affect the Sentencing Guideline calculation. DCD 89 at 11. The PSR's sentencing guidelines calculation was adopted by the Court. DCD 89 at 11; Sent. Tr. at 5.

Thus, Liley's attorney's performance did not fall below an objective standard of reasonable competence when she failed to object to the matter. The claims raised by Liley in Ground Two do not meet the first prong under *Strickland*. As for the second prong under *Strickland*, Liley cannot establish any resulting prejudice when he was sentenced to a term below the applicable guideline range.

> **4. Ground Three: Defense counsel did not provide ineffective assistance regarding when she challenged at sentencing that Movant's ex-wife knew about the production of child pornography.**

10

First, whether or not Liley's ex-wife knew or did not know he was producing child pornography of her daughter is completely irrelevant to his sentencing and his ineffective assistance of counsel claims. From the motion, it is also hard to decipher whether Movant is displeased that Monahan challenged whether the ex-wife knew or not.  Mot. at 8.

Monahan filed an objection to paragraph 17 of the PSR.  This paragraph stated that Liley's ex-wife had been interviewed at the scene by law enforcement and denied to law enforcement that she knew about any sexual abuse to her daughter.  DCD 89 at 6.  During the sentencing hearing, the Court noted there was a defense objection to paragraph 17 of the PSR but overruled it.

> THE COURT: The first is an objection to the offense conduct in paragraphs 17, 19 and 63 for the ground that there is insufficient evidentiary support, objects to and disputes the factual accuracy of the statement that the wife denied knowing about any sexual abuse to her daughter.  I'll overrule that objection because the wife, from all the filings, still denies knowing about any sexual abuse to her daughter.  I think what the Defendant was really getting at is she shouldn't have denied it, but the fact is she did, and so that's kind of a technical objection and a technical ruling, but I'm going to overrule that part.
>
> MS. MONAHAN: I appreciate that, Your Honor, and I understand the ruling.

Sent. Tr at 3.

Even if Monahan did not have his authorization to objection to paragraph 17 of the PSR, there is no prejudice to Liley as the Court overruled the objection and gave it very little to no consideration. Noteworthy to this response, earlier at the change of plea hearing,

11

Liley had no complaints with Monahan's representation of him:

| | |
|---|---|
| THE COURT: | Because this is a criminal case, you are entitled to effective representation from a lawyer at each stage of the proceedings against you. Do you understand that? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | So with that in mind, I will ask you: Are you satisfied with the way your lawyer has handled your case? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Has she investigated the case to your satisfaction? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Has she done everything you've asked her to do? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | No gripes or complaints whatsoever then? |
| THE DEFENDANT: | No, sir. |

Plea Transcript (Plea Tr.) at 4. Liley voiced no complaints about Monahan's representation of him and agreed that the case had been investigated to his satisfaction.

Again, Liley cannot meet either prong of *Strickland*, in his allegations in Ground Four. Movant does not even discuss in Ground Four how defense counsel fell below an objective standard of reasonable competence in this matter. Nothing about this allegation shows that Movant was prejudiced in anyway.

A claim of ineffective assistance of counsel has both a performance prong and a prejudice prong. The prejudice prong requires the defendant to show there is a reasonable

12

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Ground Four also fails as Liley has not shown that the results of the proceedings would have been different if Monahan had not objected to paragraph 17 in the PSR.

### 5. Ground Five: Defense counsel was not ineffective for failing to obtain a psychological evaluation of Liley before sentencing.

Liley challenges that his attorney should have requested a psychological evaluation of him before sentencing and, for that, he alleges she was ineffective. Again, Liley does not state how she fell below normal standards or how he was prejudiced by not receiving a psychological evaluation. Liley still received a below-guideline sentence without the mental evaluation.

First, there is no indication from the record, that Liley requested a mental evaluation while the criminal case was proceeding nor was there any indication that he needed one. In Court, Liley was questioned about whether he required the services of a physician or psychiatrist, and he stated that he did not:

| | |
|---|---|
| THE COURT: | Do you have any kinds of illnesses, injuries, infirmities of any kind that require a physician, a psychiatrist or any other kind of doctor? |
| THE DEFENDANT: | No. |
| THE COURT: | I take it then your mind is clear; you are feeling well; you are ready to proceed? |
| THE DEFENDANT: | Yes. |

13

Plea Tr. at 3.

Without any further support, Liley alleges in his motion that the mental state at the time of the offense would have had a "substantial part in sentencing of the Movant." Mot. at 10. Liley does not allege that his mental state differed at time of the offense to the time of the plea. Liley cannot generally allege that Monahan was ineffective in failing to obtain a mental evaluation without proffering any evidence that his mental state was compromised at the time of the offense. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

Also, Liley's mental health issues were thoroughly discussed in the PSR and in the Sent. Memo. DCD 89 at 14; DCD 85. Therefore, the Court was aware of his mental health issues and took them into account. Ground Five also fails. Liley has not met his burden on either prong in *Strickland*. Liley cannot show how his counsel's performance was deficient by not obtaining a mental evaluation.

### 6. Ground Three: Lifetime Supervised Release Does Not Violate Liley's Constitutional Rights.

Liley argues that the Court should not have sentenced him to a term of lifetime supervised release after he is released from prison. Liley states it was "not necessary" and "lead to removing constitutional rights of Movant." Mot. at 7. Liley claims that lifetime supervised release in his case is "not necessary," however, after reviewing the facts of this case, which include the sexual assault of a small child, the Court found it necessary in this case. The Petitioner also mentions that "this will lead to removing constitutional rights of

Movant as an act of lifetime supervised release. (i.e. 4th amendment right.)" Mot. at 7. This claim by Liley is completely unsupported. Liley cannot and does not establish how the sentence is violation of the Constitution or the laws of the United States or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, as required by 2255(a). *Martin v. United States*, 150 F. Supp. 3d 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426–27 (1962)); *see also* R. GOVERNING § 2255 PROCEEDINGS 1. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Ground Three fails as his claim that the sentence "removes constitutional rights" is completely unsupported and lacks particularity. Liley was aware of the possibility of lifetime supervised release when he pled guilty.

The plea agreement clearly states that the crimes Liley pled guilty to carried with them a mandatory term of five years of supervised release and the possibility of lifetime supervised release. "The Court may also impose a period of supervised release of not more than **life** and not less than five years." DCD 69 at 6 (original emphasis). The word "life" is actually in bold on page six of the plea agreement.

During the change of plea hearing, the Court laid out the range of punishment for Liley, including the range of supervised release. Liley understood and the range of punishment he was facing and that it included the possibility of lifetime supervised release.

> THE COURT: So let me tell you the statutory penalties for these offenses. On Count I, the penalty is imprisonment for up to 30 years and a fine and/or a fine of up to not more than $250,000. And then there would be a period of supervised release of

15

|||
|---|---|
| | not more than life and not less than five years. And there's a mandatory minimum term of at least 15 years in prison. Do you understand that? |
| THE DEFENDANT: | Yes, Your Honor, I do. |
| THE COURT: | As to Count II, the range of punishment is up to 20 years and a fine of up to $250,000, and there would be a period of supervised release of not more than life and not less than five years on Count II. Do you understand all of that? |
| THE DEFENDANT: | Yes, Your Honor, I do. |
| THE COURT: | So I'm going to consider the full range of punishment on Count I from 15 years minimum to life -- I'm sorry, to 30 years. And then on Count II, up to 20 years' imprisonment. Do you understand? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And then the sentence to be imposed will be in my discretion within those ranges of punishment. Do you understand that, too? |
| THE DEFENDANT: | I do. |

Plea Tr. at 13-14.

It is very typical for defendants charged with child pornography crimes in this District to receive a term of life for supervised release. Defendants can move to shorten the term of supervised release after there are released from prison. Under Title 18, United States Code, Section 3583(e), a term of supervised release may be modified. Specifically, after one year of supervised release, the Court may terminate a term of supervised release and discharge the defendant, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. In this case, the Court would be able

to terminate the term of supervised release once Liley has served five years on supervised release. See 18 U.S.C. § 3583(k). Liley has the opportunity to move to shorten the time of his supervised release. On review, a presumption of reasonableness will be applied to sentences within the guideline range. Here, the petitioner's supervised release range was 5 years to life. "We have upheld similar sentences in similar cases, and we see nothing that is substantially unreasonable in this one." United States v. Hyer, 498 F. App'x 658, 661 (8th Cir. 2013). Liley claims that lifetime supervised release in his case is "not necessary." However, after reviewing the facts of this case, which include the sexual assault of a small child, the Court found it necessary in this case. Liley cannot establish how the sentence is violation of the Constitution or the laws of the United States or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. *Martin v. United States*, 150 F. Supp. 3d 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426–27 (1962)); *see also* R. GOVERNINGS § 2255 PROCEEDINGS 1. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

Liley does not assert how the sentence of lifetime supervised release violates his Constitutional rights, he only states it was unnecessary and possibly a general constitutional rights violation with no further support. No basis has been established by Liley in Ground Three. Ground Three also fails.

## VI. CONCLUSION

Liley raised four ineffective assistance claims in his motion for relief. However, he

17

fails to show deficient performance or prejudice with respect to any of them and accordingly, the claims for ineffective assistance of counsel all fail. Lastly, Liley waived his right to an appeal, and a sentence of lifetime supervised release does not violate his Constitutional rights.

Liley's Motion to vacate under 2255 will be dismissed and a hearing on the matter is not warranted, as Liley has failed to meet his burden. Liley's allegations, even if accepted as true, would not entitle him to relief, and his allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *See Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) (quotation omitted).

For the foregoing reasons, this Court will deny Liley's § 2255 motion [Doc. 1] without an evidentiary hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Liley has not made a substantial showing of the denial of federal constitutional right.

**SO ORDERED** this 21st day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE